IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JULIO TORRES-FLORES,<br><br>Petitioner,<br><br><br><br><br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255<br><br><br><br><br><br><br>Civil Case No. 2:07-CV-256 TS<br><br>Criminal Case No. 2:06-CR-470 TS |

This matter is before the Court on Petitioner Julio Torres-Flores' Motion pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his federal sentence.

The Court, has considered the motion and pleadings, reviewed the file, and, for the reasons set forth below, will DENY Petitioner's § 2255 Motion.

I.  BACKGROUND

On July 6, 2006, Petitioner was indicted on one count of a violation of 8 U.S.C. § 1326, Reentry of a Previously Removed Alien.  On October 16, 2006, Petitioner entered

a plea of guilty to a violation of 8 U.S.C. § 1326, Reentry of a Previously Removed Alien.

At his change of plea hearing, the Court questioned Petitioner extensively on the record[1] before and after Petitioner signed his Statement in Advance of Plea (Plea Agreement).[2]  The questions, and Petitioner's answers under oath in open court, established the following: Petitioner understood he was under oath; he understood the maximum possible penalty for the charge was imprisonment for up to 20 years; his counsel had read him the Plea Statement, "line by line"[3]; Petitioner had an adequate opportunity to discuss the charge against him and his case with his counsel; Petitioner understood each of the specific rights he would have if he went to trial and that by entering a guilty plea he was giving up those specific rights, including his right to trial and, under his specific Plea Agreement, the right to appeal.  During his questioning under oath, Petitioner stated that he was satisfied with his counsel and volunteered that his counsel "was doing a good job."[4] Petitioner stated he understood the elements of the charge, the Plea Agreement, and had no questions.  The Court specifically asked Petitioner if anyone had promised him something that was not contained in the Plea Agreement and he responded, "No."

Petitioner's counsel informed the Court that the government had agreed that Petitioner would not violate this district's "Fast Track" policy by arguing for an adjustment

---

[1]Docket No. 7-2 (transcript of October 16, 2006 Change of Plea hearing).

[2]The Statement in Advance of Plea (Plea Agreement) is Document No. 15 in Petitioner's criminal case and a copy is attached as Ex. C to the government's Response, (Docket No. 7-4).  Citation will be to the Plea Agreement.

[3]Docket No. 7-2, at 11.

[4]*Id*. at 6.

under U.S.S.G. § 5G1.3 2, to reduce his federal sentence for time served under his state sentence for which he would not otherwise receive credit.  Counsel also informed the Court that the Agreement did not include three of the five matters originally listed as previous convictions.  Petitioner's counsel crossed out the matters not included.[5]

Petitioner signed the Plea Agreement in court.  It provided that:

15.    I understand that the Court can make no decision as to what the sentence will be until the Presentence Report has been received and reviewed by the judge.  I further understand that the Court is not obligated in any way to follow the recommendation of the government concerning sentencing matters.  If the Court does not follow the government's recommendation, I know that I will not be allowed to withdraw my plea of guilty.

16.    I understand that the Court can and will consider all available information in determining my sentence. . . . .

* * *

I make the following representations to the Court:

* * *

2.    No threats or promises of any sort have been made to me to induce me or to persuade me to enter this plea.

3.    No one has told me that I would receive probation, <u>or any other form of leniency because of my plea</u>.  [6]

The Plea Agreement also contained a waiver of Petitioner's rights to bring a collateral challenge to his sentence, including a § 2255 motion.[7]

_____

[5]Plea Agreement, at 9-10.

[6]*Id*. at 6.

[7]*Id.* at 4.

3

After he signed the Agreement, Petitioner made factual admissions, reiterating those contained in his Plea Agreement as follows:

1.      I am not a citizen of the United States;

2.      I was removed from the United States on or about September 2, 2004.

3.      After my removal, I knowingly reentered the United States and on October 27, 2005, I was knowingly present and was found in Salt [Lake] County, Utah.

4.      I reentered the United States without the consent of the Secretary of the Department of Homeland Security.

5.      My previous convictions include, but may not be limited to, the following:

[list of the three convictions remained after three paragraphs were crossed out].[8]

After Petitioner had signed the Plea Agreement admitting the elements of his violation of § 1326, and after he also admitted them under oath in response to the court's specific question on each element, the Court questioned Petitioner about his understanding of the effect of the Guidelines and his appeal waiver.  Petitioner stated that he understood the guidelines would be considered, that he had had an opportunity to discuss them with counsel, as well as the following:

THE COURT: Do you understand then that the Court will not be able to determine what guideline range, and by that I mean that range of months within which your sentence will likely fall, until after a presentence report has been compiled by the probation office?

THE WITNESS: Yes, your Honor.

THE COURT: Do you understand that once the guideline range has been determined, that I do have the authority to depart from it and I can

_____

[8]*Id*. at 8-10.

4

impose a sentence that is either higher or lower than that suggested by the guidelines.

      THE WITNESS: Yes, your Honor.

      THE COURT: Mr. Torres, do you then understand that it's possible that the sentence you receive might very well be different from what you expect it to be?

      THE WITNESS: Yes, your Honor.

      THE COURT: This is important: Once the Court has accepted your guilty plea, and that is something that is going to happen in just a few minutes, thereafter you will remain bound by your guilty plea and you will not be allowed to withdraw it even if the sentence that I impose upon you is longer than you expect. Do you understand that?

      THE WITNESS: Yes, your Honor.

* * *

      THE COURT: Finally, do you understand that as a general rule either you or the government would have the right to appeal the sentence I impose, but as we have discussed a moment ago, you are severely limiting your right to appeal by the plea agreement you have signed? Do you understand that?

      THE WITNESS: Yes, your Honor.[9]

Thereafter, Petitioner entered his plea of guilty. The Court found that the plea was knowingly and voluntarily entered, that Petitioner "knows his rights and has waived those rights, that he is aware of the nature of the charges against him and the consequences of the plea, and that the plea is supported by an independent basis in fact containing each of the essential elements of the offense."[10]

---

[9]Docket No. 7-2, at 18-19 (emphasis added).

[10]*Id*. at 20.

The Presentence Report (PSR) was prepared.  It calculated the offense level at 19 (after a two point departure under this district's fast-track program), a criminal history category of VI, with an advisory guideline range of 63-78 months.   Neither the government nor Petitioner's counsel filed any objection to any of the facts in the PSR.   But Petitioner's counsel filed a Memorandum arguing that there should be a § 5G1.2(b) reduction, complete with supporting exhibits regarding his state sentence.

Petitioner's sentencing hearing was on January 11, 2007.  At the hearing the Court questioned Petitioner about the PSR.

> THE COURT: [To Petitioner's counsel], did you have a chance to review and discuss it with Mr. Torres.
>
> [PETITIONER'S COUNSEL]:  Yes, I did.
>
> THE COURT:  Mr. Torres, was the presentence report made available to you?
>
> [PETITIONER'S COUNSEL]: I didn't physically give it to him, but we reviewed it.
> Go ahead, you can answer.
>
> MR. TORRES-FLORES: Yes, Your Honor, we did.
>
> THE COURT: Was it read to you or parts of it read to you at least?
>
> MR. TORRES-FLORES:    Yes, Your Honor.
>
> THE COURT:  Did you have an adequate opportunity to discuss it with [your counsel]?
>
> MR. TORRES-FLORES:  Yes, Your Honor.[11]

---

[11]Docket No. 7-3, at 4-5 (emphasis added).

After hearing argument from Petitioner's counsel, the Court applied the requested 16-month adjustment under § 5G1.3(b) in Petitioner's favor.

However, the Court also noted that it was "very disturbed by your client's criminal history."[12]  The PSR showed five or six convictions for drug distribution, showing "15 years, basically, of drug dealing in the United States."[13]  Counsel responded by ably arguing that Petitioner had been exposed to bad environment as a young man, but had recently made important changes in his life as evidenced by a submitted letter from his wife.[14]  Petitioner also addressed the Court, taking full responsibility for his crime and expressing the intention to change his life for the better.[15]

The Court calculated the applicable guideline range, including the two-level fast track reduction and a 16-month reduction under § 5G1.3(b); considered and applied the § 3553(a) factors; and stated its reasons for finding a 62-month sentence was reasonable on the facts of Petitioner's case.[16]

The Court sentenced Petitioner to 62 months incarceration with the Bureau of Prisons.  The judgment was entered on January 16, 2007.  Petitioner filed a direct appeal

---

[12]*Id*. at 8.

[13]*Id*.

[14]*Id*. at 9-10.

[15]*Id*. at 10-11.

[16]*Id*. at 13 (specifically citing factors of promoting respect for the law, providing adequate deterrence, and protecting the "public in light of the history and criminal conduct of [Petitioner's] characteristics of distribution of drugs throughout his 15 years of criminal activity").

but it was dismissed on his voluntary motion on May 1, 2007,[17] shortly after he filed the present § 2255 Motion on April 20, 2007.

<u>II.  DISCUSSION</u>

A.      Issues Before the Court

Petitioner raises the following arguments: (1) he received ineffective assistance of trial counsel in the underlying criminal case with respect to sentencing and (2) his due process rights were violated.  In support of his ineffective assistance claim, he specifically contends that his counsel was ineffective because (a) there was no investigation of the facts supporting his defense; (b) no defense was prepared so that he could appeal; (c) his counsel advised him to waive rights and plead guilty in exchange for a minimum sentence, which he did not receive; and (d) he was not allowed to review his Presentence Report, and was told that his points did not matter as he was getting the best agreement he could. For his due process claim, Petitioner contends that he should have been informed of the "totality of not seeing his PSR" and he should not have been enticed or coerced into waiving his rights and pleading guilty with false expectations of a lesser sentence. The relief Petitioner seeks is the ability to file an appeal or a re-determination by this court of his sentence.[18]

The government contends that the allegation of failure to investigate his defense is, without more, insufficient to establish the two prongs of ineffective assistance under

---

[17]Docket No. 34 in 2:06-CR-470 TS.

[18]Docket No. 1, at 13.

*Strickland*.   The government also contends that Petitioner's statements in his Plea Agreement show there was no ineffective assistance.

B.    Timeliness

As a preliminary matter, the Court makes the initial finding that Petitioner's § 2255 Motion was timely filed.  Petitioner's judgment was entered on January 16, 2007, and the present § 2255 Motion was filed on April 20, 2007, well within the one-year limitations period set by 28 U.S.C. § 2255(1).

C.    Standard

Petitioner is proceeding pro se and, therefore, the Court construes his Motion liberally.[19]

> "[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." There is, however, an exception to this rule—where the § 2255 petition is "based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver."[20]

In *United States v. Cockerham*,[21] the Court identified "two critical components" that must exist for a § 2255 ineffective assistance of counsel claim to survive a valid waiver: "The first is whether there is any basis for a claim of ineffective assistance of counsel, and

---

[19]*United States v. Hardridge*,  2008 WL 1734723, 2 (10th Cir. Apr. 14, 2008).

[20]*United States v. Gerber*,  257 Fed. Appx. 105, 107 (10th Cir. 2007) (quoting *United States v. Cockerham*, 237 F.3d 1179, 1183, 1187 (10th Cir. 2001)).

[21]237 F.3d at 1187.

the second is whether that ineffectiveness claim pertains to the validity of the plea."[22]  In *United States v. Clingman*, the Tenth Circuit provided further direction:

> To prevail on his ineffective assistance claim, [Petitioner] must show that he was prejudiced by his trial counsel's allegedly deficient performance.  In the context of a guilty plea, this requires [Petitioner] to show that counsel's deficient performance "affected the outcome of *the plea process*" and "that there is a reasonable probability that, but for counsel's errors, *he would not have pleaded guilty* and would have insisted on going to trial."[23]

"[C]laims of ineffective representation concerning sentencing generally do not survive the § 2255 waiver."[24]  "Accordingly, the question of the nature of ineffective assistance claims must be addressed on a case-by-case basis to determine whether they attack the validity of the plea or the waiver."[25]

In *Strickland*, the Supreme Court established the familiar two-pronged test governing claims of ineffectiveness of counsel.  "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[26]

---

[22]*Cockerham,* 237 F.3d at 1188.

[23]288 F.3d 1183, 1186 (10th Cir. 2002) (internal citations omitted) (emphasis in original).

[24]*United States v. Aparicio*, 214 Fed. Appx. 866, 868 (10th Cir. 2007) (quoting *Cockerham*, 237 F.3d at 1188).

[25]*Cockerham,* 237 F.3d at 1188.

[26]*United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington,* 466 U.S. 668 (1984)).

To successfully claim ineffective assistance then, Petitioner must show two things: First, that Counsel functioned deficiently.[27]  "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[28]  Second, he must show that Counsel's deficient functioning prejudiced Petitioner's defense.[29]  "This requires showing that counsel's errors were so serious as to deprive [Petitioner] of a fair [proceeding], . . . whose result is reliable."[30]  Without both of these showings, Petitioner may not prevail in arguing that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable."[31]

"We may address the performance and prejudice components in any order, but need not address both if [Petitioner] fails to make a sufficient showing of one."[32]

A Court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[33]  In addition, in evaluating counsel's performance, the focus is not what is

---

[27]*Strickland*, 466 U.S. at 687.

[28]*Id.*

[29]*Id.*

[30]*Id.*

[31]*Id.*

[32]*United States v. Graham*,  2008 WL 43864, 6 (10th Cir. Jan. 3, 2008) (quoting *Fields v. Gibson*, 277 F.3d 1203, 1216 (10th Cir. 2002) (quoting *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir.1999))).

[33]*Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

11

prudent or appropriate, but only what is constitutionally compelled.[34]  Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[35]

D.     ANALYSIS

1.     *No Ineffective Assistance*

Petitioner's first contention regarding his claim of ineffective assistance is that his counsel was ineffective in not investigating the facts supporting his defense.  For this claim to not be covered by the waiver, it must be a challenge to the validity of the plea and waiver, rather than to the merits of his case.

> In the context of a guilty plea, a defendant establishes prejudice only if he shows that "he would not have pleaded guilty and would have insisted on going to trial."  Although a defendant need not show he would have prevailed at trial, his prospects of succeeding inform our view of whether he would have gone to trial.[36]

Petitioner does not allege in what manner an investigation would have resulted in a different outcome.  Petitioner does not allege that he had a meritorious defense or that there was any fact not investigated and discovered that could have been relevant to an element of the charge or to his plea agreement.  Petitioner does not even allege that he would not have pleaded guilty if his attorney had conducted an investigation.  Nor does he allege that he communicated any information that should have alerted his counsel to a

---

[34]*United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[35]*United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

[36]*United States v. Triplett*,  263 Fed. Appx. 688, 690 (10th Cir. 2008) (quoting *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001) (additional citation omitted).

factual defense or to a factor relevant to the plea agreement.  Counsel cannot be deemed ineffective for failing to investigate a defense or sentencing factor based on facts not communicated to him by his client.[37]

Further, it is apparent from the record in the criminal case that counsel did in fact undertake an investigation of the necessary facts.  The result was a three fold benefit to Petitioner.  First, Petitioner was allowed to proceed under the Fast Track Policy,[38] without which Petitioner's advisory guideline range would have been 77 to 96 months.  Second, the parties deleted the portion of the proposed Plea Agreement relating to facts regarding criminal charges that were not actual convictions.  Third, counsel filed a fully supported[39] request for a § 3G1.3(b) adjustment of 16-months.  This request was successful despite the government's opposition.[40]  Although the actual § 3G1.3(b) request was filed in connection with the sentencing, counsel's investigation of its factual basis was concluded before and discussed at the plea hearing and therefore is related to validity of Petitioner's plea.[41]

---

[37]*United States v. Miller*, 907 F.2d 994, 998-9 (10th Cir. 1990) (holding "[a]n attorney's failure to investigate 'cannot be charged as a claim of ineffective assistance of counsel when the essential and foundational information required to trigger such an investigation is withheld from the defendant's attorney by the defendant himself'") (quoting *United States v. King*, 936 F.2d 477, 480 (10th Cir. 1991))).

[38]Docket No. 9 (requesting continuance of trial to determine the applicability of the Fast Track Policy to Petitioner's case).

[39]Docket No. 17 and Exs. A through D.

[40]Docket No. 2, Govt's Resp. (opposing § 3G1.3(b) adjustment).

[41]Docket No. 7-2, at 13-14.

Plaintiff has not established that his counsel's performance was deficient regarding investigation, or that he was prejudiced by any failure to investigate, and the record shows the opposite—there was an adequate investigation to Petitioner's benefit.

Petitioner argues his counsel was ineffective because the fact that no defense was prepared prevented him from filing an appeal.  This does not met Petitioner's burden to show either deficient performance or prejudice under *Strickland*.  Petitioner's Plea Agreement provided a broad appeal waiver as follows:

> Fully understanding my limited right to appeal my sentence, as explained above, and in consideration of the concessions and/or commitments made by the United States in this plea agreement:
>
> I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, <u>except</u> I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute(s) of conviction, and (2) an upward departure from the final Sentencing Guidelines range determined by the court to apply to me and the facts of my case; (3) if the Court fails to apply the two-level "fast track"reduction recommended by the government;[42]
>
> I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255.[43]

It is the appeal waiver that prevented an appeal on the merits—perhaps explaining Petitioner's decision to voluntarily dismiss his appeal.  As discussed in the facts above, Petitioner knowingly and voluntarily entered into the Plea Agreement containing the appeal

---

[42]Plea Agreement, at 4-5.

[43]*Id.* at 5.

waiver.  Petitioner has not alleged  in what manner any investigation would have uncovered the factual basis for any appeal, much less an appeal on the narrow grounds excepted under his appeal waiver.  Thus, Petitioner has not alleged any basis to show there would be a miscarriage of justice in enforcing the appeal waiver.[44]

Petitioner next argues that his counsel was ineffective by advising him to waive rights and plead guilty in exchange for a minimum sentence, which he did not receive.

Petitioner's conclusory allegation that his counsel advised him to enter the plea agreement in return for the minimum sentence under the guideline is directly contrary to his statements in his Plea Agreement and to his testimony under oath at the plea hearing.

In *United States v. Farias*,[45] the Tenth Circuit examined a nearly identical plea agreement and found no error in the trial court's determination that conclusory allegations contradict the plea agreement and the Defendant's own statements were insufficient to state a claim under *Strickland* for ineffective assistance.

> In signing the plea agreement, [the petitioner] specifically acknowledged he had been advised of and understood the limitations on his direct appeal and collateral-attack rights.  He further expressly acknowledged that it was the district court alone that would impose a sentence and acknowledged the district court's sentence could differ from any sentence estimated by the prosecution or defense counsel. When measured against these specific statements in the plea agreement, [petitioner's] conclusory allegations of

---

[44]*See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (holding that in direct appeals in deciding whether an issue was waived, it conducts a three-pronged analysis to determine "(1) whether the disputed appeal falls within the scope of the waiver of appellate [or collateral attack] rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice").

[45]2008 WL 635501 (10th Cir. March 6, 2008)

ineffective assistance were clearly insufficient. *Lasiter v. Thomas*, 89 F.3d 699, 702 (10th Cir.1996) (holding conclusory allegations of ineffective assistance of counsel are insufficient to overcome solemn declarations on the part of a movant, like those present in this case, that a plea is knowing and voluntary).[46]

As in *Farias*, Petitioner's conclusory allegations in this case are insufficient to overcome his solemn declarations that his plea was knowing and voluntary.  As the Tenth Circuit has consistently held, petitioners' challenges to the knowing and voluntary nature of a plea or plea waiver predicated on their "defense counsel's purported pre-plea sentencing promises" were correctly "turned aside" "when [their] plea paperwork and colloquies clearly belied their challenges."[47]

As in *United States v. Aparicio*, Petitioner's Plea Agreement and his statements under oath to this Court leave "no doubt that he fully understood what he was doing and his attorney had thoroughly, and effectively, counseled him with regard to the consequences of the plea and his plea agreement."[48]  Considering the above, the Court finds that both Petitioner's plea of guilty and his collateral appeal waiver were "knowingly and voluntarily made."

Petitioner next argues that he was not allowed to review his Presentence Report, and was told that his points did not matter as he was getting the best agreement he could.

---

[46]*Id.* at 1.

[47]*Gerber*,  257 Fed. Appx. at 109 (citing *United States v. Bridges*, 68 Fed. Appx. 896, 900 (10th Cir. 2003); *United States v. Cortez*, 31 Fed. Appx. 611, 617-18 (10th Cir. 2002); *United States v. Aparicio*, 214 Fed. Appx. 866, 868 (10th Cir. 2007)).

[48]214 Fed. Appx. at 868 (quoting district court's findings).

16

The Court finds that this is a challenge to the sentence, which as discussed above, was waived.[49] Further, Petitioner's allegations fail to show deficient performance regarding sentencing for two reasons.  First, as Petitioner's statements at the sentencing hearing establish, he did review the PSR with his counsel, parts of it were read to him by his counsel, and petitioner had an adequate opportunity to discuss it with his counsel.

Second,  Petitioner does not allege any error in the presentence report or any other reason why it would have made a difference had he been given a copy rather than reviewing it with his counsel.  "Petitioner has not established any error in the presentence report to which his attorney should have objected."[50]

### 2.  No Due Process Violation

For his due process claim, Petitioner first contends that he "should have been informed of the totality of not seeing [his] PSR."[51]  The Court construes this allegation liberally as a variation on Petitioner's contention that he was not given a copy of his presentence report.  For the reasons stated above, this does not state grounds for relief under § 2255.

Petitioner next argues that he was denied due process because he "should not have been enticed or coerced into waiving his rights and pleading guilty with false expectations of a lesser sentence."  Construing this allegation liberally, it is a repeat of the allegation, discussed above, that his plea was not voluntary and informed because he entered into

---

[49]*Aparicio*, 214 Fed. Appx. at 868.

[50]*United States v. Stone*, 1998 WL 454113, 1 (10th Cir. 1998).

[51]Docket No. 1, at 5.

it on the basis of a promise of a lower sentence.  For the reasons stated above, this conclusory allegation is insufficient to establish ineffective assistance where Petitioner's written representations as well as his statements under oath established that he entered into the plea knowingly and voluntarily, that he understood, among other things, that there was no promise or guaranty of any particular sentence.

### III.  CONCLUSION

Pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, the Court has reviewed the Motion, the government's Response, the transcripts of prior proceedings, and the record in the criminal case, including the Plea Agreement, and determines that an evidentiary hearing is not required.  Further, because Petitioner's Motion "and the files and records of the case conclusively show that the prisoner is entitled to no relief" no non-evidentiary hearing is required.[52]

Based upon the foregoing, it is hereby

ORDERED that Petitioner's § 2255 Motion (Docket No. 1 in Case No. 2:07-CV-256 TS) is DENIED.

The Clerk of Court is directed to close this case.

DATED this 17th day of June, 2008.

BY THE COURT:

_____

TED STEWART
United States District Judge

---

[52]28 U.S.C. § 2255(b).